# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**GREGORY GORAK,**
              **Petitioner,**

    v.                                              Case No. 14-C-1411

**ESKER TATUM, Warden,**
**FCI-Berlin, and J.B. VAN HOLLEN,**
**Attorney General of the State of Wisconsin**
              **Respondents.**

---

## ORDER

Gregory Gorak has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Gorak is currently in federal custody, but his petition challenges future custody under a Wisconsin judgment of conviction. Pursuant to Rule 2(b) of the Rules Governing § 2254 Cases, Gorak named as respondents both the warden of the federal institution where he is currently being held and the Attorney General of the State of Wisconsin. However, because Gorak challenges only his Wisconsin sentence, the Wisconsin Attorney General is likely the only interested respondent. Therefore, when I use "respondent" in this order, I am referring only to the Attorney General.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.  Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court. Accordingly, the respondent will be ordered to file a response to the petition.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order the respondent shall **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin. The Clerk of Court shall also mail a copy of the petition and this order to the Warden of FCI-Berlin.

Dated at Milwaukee, Wisconsin, this 12th day of November 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge