IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY SEAN GORAK,

Petitioner,

v.

Case No. 14-cv-1411-pp

ATTORNEY GENERAL OF THE STATE OF WISCONSIN,
and WARDEN MICHAEL MEISNER,

Respondents.

**DECISION AND ORDER DENYING THE PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 42)**

On September 30, 2015, twenty-seven days after the court entered judgment granting the respondents' motion to dismiss Gregory Sean Gorak's petition for writ of *habeas corpus* under 28 U.S.C. §2254, the petitioner filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59. Dkt. No. 42. For the reasons stated below, the court will deny the motion.

Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after entry of judgment." The petitioner has timely filed his motion. To prevail on a motion under Rule 59(e), the moving party must "demonstrate a manifest error of law or present newly discovered evidence" that merits reconsideration of the judgment. Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life

1

Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments . . . ." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." Id.

In its September 1, 2015 decision and order, the court held that the petitioner procedurally defaulted on his constitutional claims, because he did not give the state court a full and fair opportunity to review the claims. Dkt. No. 40 at 24. Specifically, the court found that the petitioner did not appeal critical orders, and did not demonstrate cause for that failure, nor did he show prejudice attributable to the default. Id. at 26. The court's analysis focused on the petitioner's arguments that the state court had illegally split his sentence, that his sentence violated State v. Bagnall, 61 Wis.2d 297 (Wis. 1973), and whether the state and federal sentences would run consecutively or concurrently. Id. at 1-20.

The petitioner's September 30, 2015 motion states that, "Pursuant to federal case law, [the petitioner] was not required to appeal the circuit court's decisions in order to satisfy the exhaustion requirements . . . ." Dkt. No. 42 at 3. He cites no case law to support this proposition. He refers to several authorities describing the circumstances under which an aggrieved party may file for post-conviction, or *habeas*, relief, but does not indicate how these

authorities support his claim that he was not required to appeal the orders he argues were unconstitutional. Id. at 3-5.

The motion rehashes the petitioner's arguments that the state court illegally split his sentence. He begins by pointing to "technical errors contained in the decision that require correction," but does not cite any rule or case law requiring the court to change its ultimate decision as a result of these technical errors. Id. at 2-3. He continues to argue that no law "required" him "to appeal the circuit court's decisions in order to satisfy the exhaustion requirement," using the same arguments and cases cited in the brief in support of his petition. Id. at 3-11. He takes issue with the court's determination "that neither party provided the court with the original, un-amended [June 8, 2007] judgment of conviction (JOC)." Id. at 11. He asserts that the court went "through such pains . . . to express that when considering the original . . . judgment." Id. The form of the court's decision and the use of certain documents to support its opinion is not a ground for vacating or altering a judgment under Rule 59. Despite the court's lengthy analysis of the state-court proceedings and the associated case law, the petitioner argues that "the court apparently does not understand the fact that [Wisconsin] has enacted a bi-furcated [sic] 'determinate sentence structure.'" Id. at 16.

The petitioner's efforts to re-argue what he argued in his original *habeas* petition demonstrate that the reason he asks the court to reconsider is because he does not agree with the outcome of the court's decision, which is not a reason for granting a motion for reconsideration under Rule 59. Finally, the

3

petitioner asserts that the court abused its discretion when it "decide[d] the motion to dismiss based upon the incomplete record supplied by the respondent." Id. at 21. Despite this argument, the petitioner does not point to any specific documents that the court should have considered or that he has obtained "newly discovered" since the court entered its judgment on September 3, 2015.

Because the petitioner's September 30, 2015 motion does not demonstrate a manifest error of law—"wholesale disregard, misapplication, or failure to recognize controlling precedent"—or newly-discovered evidence, the court **DENIES** the petitioner's motion for reconsideration (Dkt. No. 42) in its entirety.

Dated at Milwaukee, this 2nd day of October, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

4