IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY SEAN GORAK,

Petitioner,

v.

Case No. 14-cv-1411-pp

ATTORNEY GENERAL OF THE STATE OF WISCONSIN,
and MICHAEL MEISNER,

Respondents.

**ORDER DENYING PETITIONER'S MOTION FOR ORDER TO PAY PARTIAL FILING FEE FROM RELEASE ACCOUNT (DKT. NO. 52)**

On October 27, 2015, the court denied the petitioner's request to proceed *in forma pauperis* on appeal. Dkt. No. 50. As a result, the petitioner has until November 10, 2015 to pay the $505 appellate filing fee in full. Id. at 4. On November 2, 2015, the petitioner filed a request that the court order the Redgranite Correction Institution Business Office to release the balance of the petitioner's release account as a partial payment toward the appellate filing fee. Dkt. No. 52. In the motion, the petitioner states that he has a balance of $95 in his release account, and that he will attempt to collect the remainder of the filing fee, or $410, "from his family." Id. at 1.

The court begins by noting that on October 21, 2015, the petitioner filed with the court a copy of his Redgranite Trust Account Activity Statement. Dkt. No. 48. That document showed that as of October 20, 2015, the petitioner had a balance of $197.29 in his prisoner trust account. Id. at 1. In the petitioner's

1

October 23, 2015 motion to proceed *in forma pauperis* on appeal, the petitioner stated that as of the date he signed the motion—October 22, 2015—his release account contained a balance of $80. Dkt. No. 49 at 6. The petitioner signed the instant motion on October 29, 2015; in that motion, he stated that the current balance in the account as of that date was "approx. $95.00." Dkt. No. 52 at 1. The court does not have any official documentation indicating how much money is in the petitioner's trust account as of the date of this order (November 4, 2015).

Regardless of how much money the petitioner has in his account as of today, however, the court will not grant his request. "The Prison Litigation Reform Act (PLRA) requires the Court to collect the filing fee from a 'prisoner's account.'" Welch v. Tritt, No. 15-CV-191, 2015 WL 3542821, at *1 (E.D. Wis. June 4, 2015) (quoting 28 U.S.C. §1915(b)). A prisoner's account includes the "prisoner's release account and [his] general account." Id. (citing Spence v. McCaughtry, 46 F.Supp.2d 861, 862 (E.D. Wis. 1999)). The monies in a prisoner's release account "provide funds to the prisoner upon his . . . release from incarceration," and courts do "not deem it prudent to routinely focus on the release account as the . . . source of funds to satisfy the filing fee payment requirements of the PLRA." Id. (quoting Smith v. Huibregtse, 151 F.Supp.2d 1040, 1042 (E.D. Wis. 2001). Upon request of a prisoner, however, the court may allow him "to pay a filing fee, or a portion thereof, out of his release account." Id. (citing Doty v. Doyle, 182 F.Supp.2d 750, 752 (E.D. Wis. 2002)).

2

The petitioner asks to use the remaining balance of his release account as a partial payment toward the $505 appellate filing fee. It appears that if the court were to grant that request, the funds would pay somewhere between $80 and $160 of the $505 filing fee, leaving a balance of anywhere from $345 to $425, and depleting the petitioner's release account. While the courts have, in the cases described above, allowed petitioners to pay filing fees from their release accounts, those cases have involved situations where the petitioner has made initial payments toward the filing fee and seeks to use release funds to pay an outstanding balance, evidencing the petitioner's ability to pay the filing fee in full, or when the petitioner's release account contains enough funds to pay the fee in full. See id. See also Spence, 46 F.Supp.2d at 863; Doty, 182 F.Supp.2d at 754; Barnes v. Brown County, No. 13-CV-607, 2014 WL 3895499, at *3 (E.D. Wis. Aug. 7, 2014). While the petitioner in this case indicates that he will request funds from his family in order to pay the balance of the appellate filing fee, the court cannot predict whether those efforts will be successful. If the court orders that the institution release the balance in the petitioner's release fund, and the petitioner does not obtain the remaining filing fee balance from his family, he will have depleted the funds he has to use upon his release from prison, without paying the appellate filing fee in full. This

3

would be contrary to the purpose of the release fund and the policies articulated in the case law.

The court **DENIES** the petitioner's motion for an order to pay a partial filing fee from his release account (Dkt. No. 52).

Dated in Milwaukee, Wisconsin this 4th day of November, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge